IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RHONDA K. SHROPSHIRE and
BYRON K. SHROPSHIRE,

      **Plaintiffs,**

v.                                                  Case No.: 3:16-cv-00378

THE KROGER CO.,

      **Defendant.**

## PROPOSED FINDINGS and RECOMMENDATIONS

On January 15, 2016, Plaintiffs Rhonda and Byron Shropshire (also referred to as "Plaintiffs") filed a *pro se* complaint against the Kroger Co. ("Kroger") arising from injuries suffered by Mrs. Shropshire when she fell at a Kroger store located in Huntington, West Virginia. (ECF No. 1). Currently pending is Kroger's Motion for Summary Judgment. (ECF No. 21). Plaintiffs have filed a response in opposition to the motion, (ECF No. 26), and Kroger has filed a reply. (ECF No. 27). Plaintiffs supplemented the record with a video recording of the fall. (ECF No. 29). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

The undersigned has reviewed the materials supplied by the parties and finds the issues to be clear. Accordingly, oral argument is not necessary for resolution of the motion. For the reasons set forth herein, the undersigned **RECOMMENDS** that

1

Defendant's Motion for Summary Judgment be **GRANTED**; Plaintiffs' complaint be **DISMISSED**, with prejudice; and that this action be removed from the docket of the Court.

I. <u>**Relevant Facts**</u>

On January 16, 2014, Rhonda Shropshire entered the Kroger supermarket located on 5th Avenue in Huntington, became entangled in a plastic shopping bag that was lying on the floor, and fell face first to the ground. (ECF No. 26 at 1). Kyle Parlett, a cashier at Kroger, was busy attending to customers when he saw a glimpse of the fall out of the corner of his eye. (ECF No. 26-1). According to Mr. Parlett, he "noticed a bag that was there not but 5 seconds prior and it had not moved since, even after [Mrs. Shropshire] slipped." (*Id.*). Employee Kayla Richardson came to the scene of the fall shortly thereafter and found Mrs. Shropshire lying on her stomach. (ECF No. 26-2). Mrs. Shropshire did not want assistance from the employees, or the Kroger pharmacist, and waited for an ambulance. (*Id.*). Plaintiffs claim that Mrs. Shropshire was taken to St. Mary's Hospital after the fall. She suffered a fracture of her 10th rib, a contusion to her chest and abdomen, low back and neck pain, female pelvic pain, chronic pain syndrome, and myofascial pain syndrome. (ECF No. 1 at 5). Plaintiffs seek compensatory and punitive damages in the amount of $500,000. (*Id.*)

II. <u>**Positions of the Parties**</u>

In the Motion for Summary Judgment and incorporated supporting memorandum, Kroger contends that it is entitled to dismissal as a matter of law, because Plaintiffs have failed to produce sufficient evidence to permit a reasonable jury to conclude that Kroger is liable to Plaintiffs. Kroger asserts that Plaintiffs have the burden of proving Kroger's negligence, yet they have not offered any evidence to satisfy that

burden. Kroger points out that Plaintiffs have made no filings, neither those required under Fed. R. Civ. P. 26(a)(1), nor those permitted under Rule 26(a)(2). Likewise, Plaintiffs have not served written discovery and have taken no depositions. Kroger argues that without some evidence establishing that Kroger breached a duty to Mrs. Shropshire, Kroger is entitled to summary judgment.

In response, Plaintiffs attach statements from two Kroger employees, Mr. Partlett and Ms. Richardson, and a video recording taken by security cameras in Kroger that reflect the period immediately before, during, and shortly after Ms. Shropshire's fall. Plaintiffs contend that with this evidence, they have demonstrated a genuine issue of material fact that precludes the granting of summary judgment.

## III. Relevant Law

### A. Summary Judgment Standard

Summary judgment is proper under Fed. R. Civ. P. 56 when no genuine issue of material fact is in dispute, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). A fact is material if it "might affect the outcome of the suit under the governing law," and a disputed issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. The party moving for summary judgment bears the burden of showing "an absence of evidence that demonstrates the existence of a genuine issue of fact for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If the moving party carries this burden, then the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson,* 477 U.S. at 256. Concrete evidence includes "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The court must not resolve disputed facts nor weigh the evidence. *Russell v. Microdyne Corp.,* 65 F.3d 1229, 1239 (4th Cir. 1995). Instead, the court must accept as true the factual version of the nonmoving party and review the evidence "draw[ing] all justifiable inferences" in its favor. *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991).

Nonetheless, the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent entry of summary judgment. *Anderson,* 477 U.S. at 252. While any permissible inferences to be drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Anderson*, 477 U.S. at 249-50).

### B. Premises Liability Standard

"A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 599–600 (4th Cir. 2004) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Therefore, in this case, the law of West Virginia will apply. "In order to establish a negligence claim in West Virginia, '[a] plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff.'" *Cline v. 7–Eleven, Inc.,* Civil Action No. 3:11–CV–102, 2012 WL 5471761, at *5 (N.D.W. Va. Nov. 9, 2012) (citing *Neely v. Belk*

*Inc.,* 668 S.E.2d 189, 197 (2008)). In other words, a negligence claim involves four basic elements that the plaintiff must prove: duty, breach, causation, and damages. *Hersh v. E–T Enters., Ltd. P'ship*, 752 S.E.2d 336, 341 (W. Va. 2013). "The West Virginia Supreme Court of Appeals has made it clear that a plaintiff must prove all elements of negligence in order to hold an owner liable for injuries sustained on the premises." *Dotson v. Dolgencorp, LLC*, No. CV 3:15-13754, 2016 WL 4942024, at *2 (S.D.W. Va. Sept. 15, 2016).

The possessor of business premises owes a duty of "reasonable care under the circumstances" to all non-trespassing visitors on its property. Syl. Pt. 4, *Mallet v. Pickens*, 522 S.E.2d 436, 437 (W. Va. 1999). However, the "mere occurrence of an accident does not give rise to the presumption of negligence." *Hersh,* 752 S.E.2d at 348 (citations omitted). To the contrary, a business owner is not "an insurer of the safety of every person on the premises" and is not "legally responsible for every fall which occurs." *Id.* "Possessors of property do not have a duty to eliminate every potential hazard; they only have a duty to take reasonable steps to ameliorate the risk posed by the hazard where it is foreseeable that harm is likely to result from the hazard." *Id.* at 348-49.

To determine whether the owner or possessor of business premises has met its duty of reasonable care, a court must consider "(1) the foreseeability that an injury might occur; (2) the severity of injury; (3) the time, manner and circumstances under which the injured party entered the premises; (4) the normal or expected use made of the premises; and (5) the magnitude of the burden placed upon the defendant to guard against injury." Syl. pt. 4, *Hersh,* 752 S.E.2d at 338 (citing Syl. pt. 6, *Mallet v. Pickens,* 206 W.Va. 145, 522 S.E.2d 436 (1999)). In this case, Kroger contends that Plaintiffs have failed to establish the element of foreseeability. "The element of foreseeability is particularly crucial in premise

liability cases because before an owner or occupier may be held liable for negligence, 'he must have had actual or constructive knowledge of the defective condition which caused the injury.'" *Neely v. Belk Inc.*, 668 S.E.2d 189, 199 (2008) (quoting *Hawkins v. United States Sports Assoc., Inc.,* 633 S.E.2d 31, 35 (2006)); *see, also, Hoschar v. Appalachian Power Co.,* 739 F.3d 163, 174 (4th Cir. 2014) ("Under West Virginia law, the question of whether a duty is owed turns on the foreseeability of harm."). Accordingly, to demonstrate foreseeability, the plaintiff in a premises liability case must present evidence demonstrating the defendant business owner's actual or constructive knowledge of the hazard. *Wheeling Park Comm'n v. Dattoli*, 237 W. Va. 275, 280–81, 787 S.E.2d 546, 551–52 (2016). "Without demonstrating such knowledge, the plaintiff's case 'is insufficient to prove negligence on the part of the proprietor.'" *Dotson*, 2016 WL 4942024, at *3 (quoting *McDonald v. Univ. of W. Va. Bd. of Trustees*, 444 S.E.2d 57, 60 (W. Va. 1994) (citations omitted)).[1]

## IV.  Discussion

Here, Mrs. Shropshire was clearly a non-trespassing visitor on Kroger's premises. Therefore, Kroger owed her a duty of reasonable care, which included taking reasonable steps to lessen the risks posed by a hazard when Kroger had actual or constructive knowledge of the hazard. It is undisputed that Mrs. Shropshire fell at the Kroger; in fact, there is a video recording of the fall. (ECF No. 29). In addition, Mrs. Shropshire claims that her fall occurred when her feet became entangled in a plastic grocery bag that was

---

[1] The undersigned notes that the fall in this case occurred after the Supreme Court of Appeals of West Virginia had abolished the open and obvious doctrine, *see Hersh,* 752 S.E.2d at 339, and before the West Virginia Legislature "reinstate[d] and codifie[d]" the doctrine. *See Farley v. United States,* No. 2:13-CV-17090, 2015 WL 5786765, at *5–6 (S.D.W. Va. Sept. 30, 2015), *appeal dismissed* (Jan. 8, 2016). Consequently, that doctrine does not play a role in the resolution of this matter.

lying on the floor near the entrance of the Kroger.

Nevertheless, while Plaintiffs have produced evidence of a fall at Kroger and the presence of a plastic bag on the floor, they have not supplied any evidence to demonstrate that Kroger had actual or constructive knowledge of the risk created by the plastic bag, or that it had an opportunity to ameliorate the risk prior to Mrs. Shropshire's fall. Indeed, the evidence submitted to the court suggests that the bag was not on the floor for more than a few seconds before Mrs. Shropshire walked on it. (ECF No. 26-1). Plaintiffs offer no evidence that Kroger intentionally placed the bag on the floor, that it routinely allowed plastic bags to litter the walkways, that other customers slipped or were injured due to the plastic bag, or that Kroger had a history of customers falling after they slipped on or became entangled in stray plastic bags. Moreover, there is no evidence that the Kroger cashier who spotted the bag just seconds before Mrs. Shropshire fell had enough time to prevent the fall by removing the bag. "The mere presence of a foreign substance on the floor does not in itself show negligence ... if it appears that proper efforts are made to keep clean the aisles and entrances so they may be safely traversed, the storekeeper is not to be held responsible if someone accidentally slips and falls." *Scarberry v. Target Corp.*, No. 5:12-CV-57, 2013 WL 3326458, at *2–3 (N.D.W. Va. July 1, 2013) (quoting *Rankin v. S.S. Kresge Co.,* 59 F.Supp. 613, 617 (N.D.W. Va.1945)). Reasonable care does not require perfection on the part of a business or its employees.

Furthermore, because Kroger is the defendant in this action, it has no duty in the first instance to submit evidence proving its efforts to keep the aisles free of foreign substances. Similarly, Kroger is not obligated to establish a lack of actual or constructive knowledge of the hazard created by the plastic bag. Rather, Plaintiffs carry the initial "burden of producing sufficient evidence ... to raise the question as to whether [Kroger]

7

breached its duty and could have foreseen the plaintiffs' injuries." *Id.* (citing *Strahin v. Cleavenger,* 603 S.E.2d 197, 206–07 (W.Va.2004)). Given the absence of any such evidence, Plaintiffs have not met that burden. Therefore, the undersigned **FINDS** that the evidence submitted by Plaintiffs is simply insufficient to maintain a *prima facie* case of negligence, and Kroger is entitled to judgment as a matter of law.

V. **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Defendant's Motion for Summary Judgment, (ECF No. 21), be **GRANTED**; Plaintiff's complaint be **DISMISSED**, with prejudice; and this action be removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:** May 5, 2017

Cheryl A. Eifert
United States Magistrate Judge