# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

RHONDA K. SHROPSHIRE,
and BYRON K. SHROPSHIRE,

        Plaintiffs,

v.                                  CIVIL ACTION NO. 3:16-00378

THE KROGER CO.,

        Defendant

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Objection to the Magistrate's Proposed Findings and Recommendations ("PF&R"), recommending that Defendant's Motion for Summary Judgment be granted and Plaintiffs' cased be dismissed with prejudice. For the following reasons the Court rejects Plaintiffs' objection and adopts the PF&R in all respects.

On January 16, 2014, Plaintiff Rhonda Shropshire slipped and fell on a plastic shopping bag at a Kroger supermarket on Fifth Avenue in Huntington, West Virginia. Shropshire fractured her tenth rib and suffered a contusion to her chest and abdomen along with low back, neck, and pelvic pain. Shropshire, along with her husband and co-Plaintiff Byron Shropshire, brought suit to recover compensatory and punitive damages.

Shropshire slipped on the bag near the cashiers. Kyle Parlett, a nearby cashier, was attending to customers just before Shropshire slipped. By Parlett's account, just seconds before Shropshire slipped, he noticed the bag on the ground. When he looked back in that direction Shropshire was already on the ground. He explained that the bag had not moved since he first

noticed it. Another Kroger employee attempted to assist Shropshire but she refused any help, electing to lie on the floor until an ambulance arrived. Shropshire was taken to St. Mary's Hospital.

On a motion for summary judgment the Magistrate determined that Shropshire was a non-trespassing visitor to the Kroger and therefore Kroger owed her a duty of reasonable care. Kroger's duty, the Magistrate held, included taking reasonable steps to lessen the risks posed by a hazard of which Kroger had either actual or constructive knowledge. Although the Magistrate found that there was no dispute that Shropshire fell and injured herself because she slipped on the plastic bag, the Magistrate also found that Shropshire presented no evidence that Kroger knew the bag was on the floor or had time to remove it. Without some evidence that Kroger both knew the bag was on the floor and had time to collect it, the Shropshire's cannot maintain their suit.

The Shropshire's argue that a business owes a duty of reasonable care to all non-trespassing visitors and to comply with this duty the Kroger store at issue here had a floor sweeping and maintenance policy. The Shropshire's contend that the reason Kroger implemented this policy was to comply with their common law duty of care but that in this case Kroger did not follow its own policy.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

The nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof of an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

The Court notes that the Shropshire's are *pro se* plaintiffs and therefore the Court will read their objections broadly and charitably. Still, the Shropshire's do not raise any defects in the Magistrate's PF&R. The presence of the bag on the ground and Kroger's maintenance policy, even if not followed in this instance, would not permit a fact finder to conclude that Kroger breached its duty of reasonable care. As correctly explained by the Magistrate, Kroger must have had knowledge, actual or constructive, of the bag on the floor and an opportunity to clean it up. Here, although there is some evidence that Kroger, by way of a cashier, knew the bag was on the floor, there is no evidence that Kroger had notice of more than a few seconds before Shropshire fell. In this case, the Magistrate held that without some evidence supporting a claim that Kroger had an opportunity to remove the bag, no fact finder could conclude that Kroger had acted unreasonably.

To illustrate the point, imposing a duty on Kroger to remove any hazard immediately upon notice to Kroger would be comparable to imposing a duty on property owners to clear every part of a walkway of snow the moment any amount accumulated on its surface. Otherwise, the owner could be held liable for an injury caused by the snow even if it was physically impossible for the property owner to clear the walkway before the injury. It is an unachievable standard that society has wisely chosen not to impose, save activities subject to strict liability not applicable here.

Instead, society expects businesses and property owners to act reasonably in the care of their property. *Hersh v. E-T Enters., Ltd. P'ship*, 752 S.E.2d 336, Syl Pt. 4 (W. Va. 2013) (quoting *Mallet v. Pickens*, 522 S.E.2d 436, Syl. Pt. 6 (W. Va. 1999)). As a corollary, some accidents that result in injury are just that—accidents, for which no party bears fault so long as the duty bound party acted reasonably. Shropshire has not presented evidence that Kroger acted unreasonably.

The Court is sympathetic to Shropshire's injuries and does not doubt their seriousness. Nevertheless, an injury caused by some "foreign substance," by itself, does not support an inference of negligence. *Scarberry v. Target Corp.*, No. 5:12-cv-57, 2013 WL 3326458, at *2–3 (N.D. W. Va. July 1, 2013) (quoting *Rankin v. S.S. Kresge Co.*, F. Supp. 613, 617 (N.D. W. Va. 1945)). The Shropshire's must produce evidence on every essential element of their claim for which they bear the burden of proof such that a reasonable trier of fact could find in their favor. *Celotex*, 477 U.S. at 322–23. They have failed to come forward with evidence supporting the essential element that Kroger not only knew of the hazard but also had an opportunity to remedy it but did not. Had they produced evidence that the bag was on the floor for more than a few seconds, that Kroger placed it there intentionally, that other patrons had slipped on the bag (which might also tend to show that the bag was there for more than a few seconds), or that Kroger habitually failed to keep the entrances of that particular store clean and safe, the Shropshire's might have avoided summary judgment. They have failed to produce any such evidence and accordingly, summary judgment is proper in this case.

For the foregoing reasons the Court **ACCEPTS** and **ADOPTS** the findings in the Magistrates PF&R, ECF No. 30, and **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 21. Accordingly, Plaintiffs' case is **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 28, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE